IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| TANZANIA SCOTT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CA 22-0148-CG-MU |
| ) | |
| CONVERGENT OUTSOURCING, ) | |
| INC., et al., ) | |
| ) | |
| Defendants. ) | |

## ORDER

This cause is before the Court on Defendant Convergent Outsourcing Inc.'s motion to transfer case to the Southern Division of the Northern District of Alabama (Doc. 6). Based on the reasoning set out hereinafter, Convergent's motion to transfer this case to the Southern Division of the Northern District of Alabama (Doc. 6) is due to be and hereby is **GRANTED.**

As this Court recognized in its April 21, 2022 Order, although it appears Convergent intended to remove the action Scott filed in the Circuit Court of Jefferson County, Alabama (*see* Doc. 1-1 PageID. 11) to this Court (*see* Doc. 1, PageID. 1 (caption identifies the court in which the notice of removal is being filed as the United States District Court for the Southern District of Alabama)), Convergent erroneously filed its notice of removal in this Court, the Southern Division of the Southern District of Alabama,[1] because Jefferson County, Alabama

---

[1] *See* 28 U.S.C. § 81(c)(2) ("The Southern Division [of the Southern District of Alabama] comprises the counties of Baldwin, Choctaw, Clarke, Conecuh, Escambia, Mobile, Monroe , and Washington.").

(the county in which Scott's case was instituted) is situated in the Southern Division of the Northern District of Alabama, *see* 28 U.S.C. § 81(a)(3) ("The Southern Division [of the Northern District of Alabama] comprises the counties of Blount, ***Jefferson***, and Shelby.") (emphasis supplied). Convergent has since conceded that it should have removed Scott's action filed in the Circuit Court of Jefferson County to the Southern Division of the Northern District of Alabama but erroneously/mistakenly filed its notice of removal in this Court. (*See* Doc. 6, PageID. 29 ("On April 11, 2022, Convergent filed a Notice of Removal to this Court when it should have filed a Notice of Removal to the United States Court for the Northern District of Alabama, Southern Division.")). Convergent now asks this Court to transfer this action to the federal district court to which removal was proper, that is, the Southern Division of the Northern District of Alabama. (*See id.,* PageID. 30 ("By way of this motion, COI agrees that it mistakenly removed this matter to the wrong Court and seeks to have this matter transferred to the Northern District of Alabama, Southern Division.")).

"Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the ***district court of the United States for the district and division embracing the place where such action is pending.***" 28 U.S.C. § 1441(a) (emphasis supplied). Based on the contents of § 1441(a) there is no question that Convergent was required to remove this case to the Northern District of Alabama (Southern Division) and, indeed, Convergent admits as much and states it should have

2

removed Scott's Jefferson County action to the Southern Division of the Northern District of Alabama, but erroneously/mistakenly filed its notice of removal in this Court. (Doc. 6, PageID. 29-30). Given that "the geographic component of § 1441(a) is a general venue provision[,]" *Peterson v. BMI Refractories,* 124 F.3d 1386, 1392 (11th Cir. 1997), and several district courts in the Eleventh Circuit have recognized that a motion to transfer under § 1441(a) can be considered prior to a motion to remand where "a defendant filed its notice of removal in the wrong court[,]" *Montgomery Kidney Specialists, LLP v. Physicians Choice Dialysis of Alabama, LLC,* 2020 WL 570137, *3 (M.D. Ala. Feb. 5, 2020); *see Jordan v. E.M.S. Ventures, Inc.,* 2007 WL 9711483, *4-5 (N.D. Ga. Sept. 17, 2007) (determining that an improper removal to a wrong federal district court should be treated like an improper venue decision and, therefore, case should be transferred to the district court to which removal was proper under § 1441(a)), this Court **GRANTS** Convergent's motion to transfer (Doc. 6) and **TRANSFERS** this case to the Southern Division of the Northern District of Alabama, the district court to which removal was proper under § 1441(a).[2]

    **DONE** and **ORDERED** this the 26th day of April, 2022.

                                   /s/   Callie V.S. Granade
                                   UNITED STATES DISTRICT JUDGE

---

[2] Upon such transfer this action is to be **CLOSED**.